**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JORGE MARIN ZAMBRANO,**<br>**Petitioner,**<br>**v.**<br>**WARDEN FCI FORT DIX,**<br>**Respondent.** | **Civil Action No. 26-4161 (MCA)**<br><br>**MEMORANDUM & ORDER** |

This matter comes before the Court on Petitioner Jorge Marin Zambrano's habeas petition, which he brings pursuant to 28 U.S.C. § 2241, a Motion for a Temporary Restraining Order ("TRO Motion"), and a Motion to Expedite. (ECF Nos. 1-3). Petitioner is a convicted federal prisoner confined at Fort Dix FCI and has paid the filing fee. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), this Court must screen the Petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons explained below, the Court declines to dismiss the habeas petition prior to the answer but denies his TRO Motion. The Court grants the Motion to Expedite to the extent Petitioner asks the Court to set a briefing schedule. The Court also lifts the stay of transfer, which was entered in error, and directs the Clerk of the Court to change the Nature of Suit ("NOS") to 530.

Petitioner is a convicted federal prisoner currently serving his criminal sentence at FCI Fort Dix. (ECF No. 1 at 1-2.) Petitioner has earned credits under the First Step Act ("FSA") and, as of July 28, 2025, his projected release date was December 23, 2026 (ECF No. 1-1 at 5); however, on February 3, 2026, he was issued a Notice and Order of Expedited Removal. (*Id.* at 1-2.) He is now ineligible to apply the credits, and his projected release date is December 23, 2027. (*Id.* at 7.)

Petitioner "assumes without conceding" the validity of the Notice and Order of Expedited Removal. (ECF No. 2, TRO Memorandum at 2.) In his Petition and TRO motion, Petitioner challenges his ineligibility for the credits, which has extended his projected release date and made him ineligible for entry into a residential reentry center ("RRC").[1]

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review the Petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

A TRO or preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). To obtain a TRO or preliminary injunctive relief, a petitioner must typically demonstrate (1) that he is reasonably likely to prevail eventually in the litigation and (2) that he is likely to suffer irreparable injury without relief. If these two threshold showings are made, the

---

[1] Petitioner proceeds on a number of theories. First, he alleges that the BOP exceeded its statutory authority in revoking credits that he already earned. Second, he alleges that the BOP violated its mandatory obligation under 18 U.S.C. § 3632(d)(4)(C) and§ 3624(g) to transfer Petitioner to RRC prerelease custody no later than approximately February 2025. Third, he contends that his Order of Expedited Removal does not qualify as a final order of removal under the FSA. Fourth, he argues that the BOP's conduct is arbitrary and capricious in violation of the Administrative Procedures Act ("APA"). Fifth, he argues that deprivation of the credits violates his right to equal protection. And sixth, he argues that cancellation of prerelease placements and redesignation of non-citizen inmates violates 5 U.S.C. § 553.

District Court then considers, to the extent relevant, (3) whether an injunction would harm respondents more than denying relief would harm the plaintiff and (4) whether granting relief would serve the public interest. *See Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (citing *A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)).

The Court will not dismiss the Petition under Rule 4 but denies the TRO Motion because Petitioner has not satisfied that high standard. Under the FSA, federal prisoners who complete "evidence-based recidivism reduction programming or productive activities" are entitled to earn good conduct credits to be applied towards early supervised release. 18 U.S.C. § 3632(d)(4)(A). The statute, however, explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). "The statute thus bars any inmate who is subject to a final order of removal from receiving [good conduct] credits or applying any previously earned credits towards early supervised release." *Sanchez-Leyva v. Warden, FCI Ft. Dix*, No. 24-cv-06118, 2024 WL 4249544, at *2 (D.N.J. Sept. 20, 2024) (citing *Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-cv-00091, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023)).

Based on the plain language of the statute, Courts in this District have concluded that prisoners with orders of expedited removal are not eligible to have good conduct credits applied to their sentences. *See Posligua v. Thompson*, No. 23-22337, 2024 WL 2818276, at *1 (D.N.J. May 31, 2024) (finding that the petitioner's expedited order of removal was final for purposes of his ineligibility to apply Act time credits); *Rico-Lopez v. Warden*, No. 24-9186 (BRM), FCI Fort Dix, 2025 WL 892964, at *2 (D.N.J. Mar. 21, 2025)(same); *Simms v. Warden*, FCI Fort Dix, No. 25-cv-17583 (EP), 2026 WL 1283923, at *2 (D.N.J. May 11, 2026) (holding that 18 U.S.C. §

3632(d)(4)(E)(i) precludes the BOP from applying FSA time credits toward prisoner's prerelease custody where he has a final order of removal and dismissing on the basis of exhaustion).

Moreover, habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and an inmate's failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760- 61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Here, Petitioner admits that he has not exhausted his claims, and it is not clear whether exhaustion is excused.

For the reasons explained in this Memorandum and Order, the TRO Motion is Denied and the Motion to Expedite is granted to the extent Petitioner asks the Court to set a briefing schedule. The Motion to Expedite is otherwise denied.

**IT IS, THEREFORE**, on this 18th day of September 2026,

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that the TRO Motion (ECF No. 2) is DENIED for the reasons stated herein; and it is further

**ORDERED** that the Motion to Expedite (ECF No. 3) is GRANTED to the extent Petitioner asks the Court to set a briefing schedule and is otherwise DENIED; and it is further

**ORDERED** that the stay of transfer entered at ECF No. 4 shall be lifted, as it was entered in error, and the Clerk of the Court shall change the Nature of Suit (NOS) to 530; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon the Warden of Fort Dix by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within 45 days, Respondent shall electronically file a full and complete answer that responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider, including, but not limited to, exhaustion of administrative remedies; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that Petitioner may submit a reply in support of the Petition within 45 days after he receives the Answer; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a copy of this Order by regular mail.

***s/ Madeline Cox Arleo***
**MADELINE COX ARLEO**
**United States District Judge**